**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**
**CIVIL ACTION NO. _____**

**\*\*ELECTRONICALLY FILED\*\***

**ERIE INSURANCE COMPANY**                                           **PLAINTIFF**

**V.**

**HOUSE OF BEAUTY MEDSPA, LLC;**
          Serve: Jaclyn Johnson
                    2013 Merchant Dr.
                    Richmond, KY 40475


**EMILY ELLIS, D/B/A Adelo Beauty;**
          Serve: Emily Ellis
                    509 Leighway Dr.
                    Richmond, KY 40475                               **DEFENDANTS**

---

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT

---

Comes now the Plaintiff, Erie Insurance Company (hereinafter "Erie"), by and through counsel, and for its Verified Complaint for Declaratory Judgment, and herein states as follows:

### VENUE AND JURISDICTION

1.  That the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between the Plaintiff and the Defendants, and the amount of controversy exceeds the sum of $75,000.00, exclusive of interest and costs. The Court has personal jurisdiction over the Defendants.

2.  That an actual controversy within the meaning of § 2201 exists between the parties.

3.  That the amount of controversy, consisting of the benefits afforded by the subject Policy of insurance that forms the basis of this action ($1,000,000 per occurrence, $2,000,000 in the general aggregate), exceeds the sum of $75,000, exclusive of interest and costs.

4.  That venue is proper in this Court as the claims which form the basis of this action are based on the alleged unfair competition, tortious interference with contractual relations, intentional interference with prospective business relationships, fraud, and unjust enrichment action filed against Defendant Ellis, which is pending in Madison Circuit Court, Madison County, Kentucky, Case No. 23-CI-00556.

## PARTIES

5.  That Erie is a corporation duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business being located at 100 Erie Insurance Place, Erie, PA 16530 and is therefore considered a citizen and\or domiciliary of that state.

6.  That the Defendant, House of Beauty Medspa, LLC (hereinafter "HBM"), is a limited liability company which is able to be served through its registered agent, Jaclyn Johnson at 2013 Merchant Dr., Richmond, KY 40475, and is being named hereto to the extent it makes a claim under the subject Policy.  That based on information, HBM is comprised of its members, who are believed to be citizens of the Commonwealth of Kentucky.

7.  That the Defendant, Emily Ellis d/b/a Adelo Beauty (hereinafter "Ellis"), is a citizen of Kentucky and a resident of Madison County, who is able to be served at 509 Leighway Dr., Richmond, KY 40475 and is being named hereto to the extent she makes a claim for defense or indemnity benefits under the subject Policy.

## NATURE OF ACTION

8.  That this is an action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and for the purposes of determining questions of actual controversy hereinafter more fully described between the parties.

9.  That Erie states that this Complaint involves the interpretation of a business insurance

policy, identified as policy #Q61 0326036 (the Policy), which was issued by Plaintiff to Ellis. A complete copy of the Policy, including the declarations page, is attached hereto as **Exhibit A**. The provisions of the Policy are incorporated herein by reference as though they were set forth in full.

10. That, according to Defendant, HBM's Complaint filed in Madison Circuit Court, Civil Action No. 23-CI-00556, on or around October 7, 2023, Emily Ellis unlawfully redirected customers from its Google business page to a website for a company called Adelo Beauty.

11. That HBM has brought a lawsuit against Defendant Ellis, alleging that Ellis unfairly competed against HBM, tortiously interfered with contractual relations, intentionally interfered with prospective business relationships, committed fraud, and was unjustly enriched by her actions. HBM has further moved the Court for both a temporary and permanent injunction prohibit Ellis, or anyone acting on her behalf, from engaging in any activity using the name, likeness, trade references, commercial references, equipment, property, contracts or licenses of HBM, including its website, Google business page, or any link or information therein.

## UNDERLYING CLAIM

### I. FACTS/UNDERLYING CLAIMS FAYETTE COUNTY CIRCUIT COURT

12. That Defendant HBM alleges in its Madison Circuit Court Complaint that Defendant Ellis unlawfully redirected customers from its Google business page to a website for a company called Adelo Beauty, reportedly owned by Ellis.

## BACKGROUND OF CLAIMS

## COUNT I – BUSINESS INSURANCE POLICY – COVERAGE A-BODILY INJURY AND PROPERTY DAMAGE LIABILITY

13. That the Policy states that it only applies to bodily injury or property damage caused by

an occurrence.

14.  That as provided in the Policy: "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

15.  That as provided in the Policy: "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful condition. "Property Damage" to "your work" will constitute an "occurrence" if all of the following conditions are met:

> a. The "property damage" to "your work" is included in the products-completed operations hazard"'
>
> b. The damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor; and
>
> c. The "property damage" is not expected or intended by your or anyone else for whom you are legally responsible.

16. That as provided in the Policy, "Property damage" means:

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, electronic data is not tangible property.
>
> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used

with electronically controlled equipment.

c. "Property damage" does not include any loss, cost or expense to correct any defective, faulty, or incorrect work performed by you or by any contractors or subcontractors working directly or indirectly on your behalf.

17. That the Policy contains an "Expected or Intended Injury" Exclusion that states:

This insurance does not apply to:

a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

18. That the Policy contains a "Personal and Advertising Injury" Exclusion that states that the insurance does not apply to: "Bodily injury" arising out of "personal and advertising injury."

## COUNT II – BUSINESS INSURANCE POLICY – COVERAGE B-PERSONAL AND ADVERTISING INJURY LIABILITY

19. That the Policy defines "Personal and advertising injury" as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a.  False arrest, detention, or imprisonment;

b.  Malicious prosecution;

c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.  Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f.  The use of another's advertising idea in your "advertisement"; or

    g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

20. That the Policy contains a "Knowing Violation of Rights of Another" Exclusion that states:

This insurance does not apply to:

    a.  Knowing Violation of Rights of Another

    "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

21. That the Policy contains a "Material Published Prior to Policy Period" Exclusion that states:

    c.  Material Published Prior to Policy Period

    "Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

22. That the Policy contains an "Unauthorized Use of Another's Name or Product" Exclusion that states:

l.   Unauthorized Use of Another's Name or Product

"Personal and advertising injury" arising out of the unauthorized use of
another's name or product in your e-mail address, domain name or metatag, or
any other similar tactics to mislead another's potential customers.

## DECLARATORY JUDGMENT

23. Erie adopts and incorporates by reference Numerical Paragraphs 1 through 22 herein as if
they were fully and completely set forth in full.

24. That the Policy attached hereto as **Exhibit A** provides the terms and conditions under
which any duty to defend and indemnify exists on Erie's part.

25. Based upon the clear and unambiguous language of the Policy, Defendant HBM's claims
do not fall within the terms of coverage of the policy and are otherwise excluded by the
"Expected or Intended Injury," "Knowing Violations of Rights of Another," and "Material
Published Prior to Policy Period" exclusions.

26. That, to the extent Defendant HBM's claims do not fall within the bodily injury and
property damage liability and personal and advertising injury liability grants of coverage or are
otherwise excluded, Erie has no duty to defend or indemnify Defendant Ellis from any claims
brought by HBM.

27. That a genuine and present controversy exists between the parties regarding the extent to
which the subject and identified insurance policy attached hereto as **Exhibit A**, issued by Erie,
provides coverage to Defendant Ellis for the claims of Defendant HBM, which said controversy
must be adjudicated by this Court.

28. That the Plaintiff, Erie, has no adequate remedy at law, and this is a proper case in which the present Court should declare the rights and liabilities of the parties to provide the parties relief from uncertainty and insecurity with respect to their rights and the status of future conduct, including the duty of paying damages in the underlying claims and the duty to defend the Defendant Ellis from any claims or suits brought by Defendant HBM. Accordingly, this Court has jurisdiction over this controversy and should declare the rights of the interested parties.

WHEREFORE, the Plaintiff, Erie Insurance Company, requests judgment as follows:

1.     That this Court determine and declare that the subject Policy of insurance, identified as business policy number **Q61 0326036**, provides no coverage to Defendant Ellis for any claims brought by Defendant, House of Beauty Medspa, LLC.

2.     That this Court determine and declare that Erie has no duty to defend or indemnify Defendant Ellis from the claims of Defendant, House of Beauty Medspa, LLC.

3.     That this Court determine and declare that the Defendants be required to answer this Complaint or be forever barred from asserting any claims against this Plaintiff for coverage under the insurance contract or claims arising therefrom, including, but not limited to, those claims asserted by House of Beauty Medspa, LLC.

4.     That this Court grant Erie an award of its costs sustained herein, including reasonable attorneys' fees (if applicable).

5.     Grant such other and further relief as may be just and proper; and

6 .     Plaintiff demands a trial by jury on all issues of fact.

This the   10   day of July, 2024.


Respectfully submitted,

PORTER, BANKS, BALDWIN & SHAW, PLLC

//s// *Darrin W. Banks*
Darrin W. Banks
327 Main Street
P.O. Drawer 1767
Paintsville, Kentucky 41240
Telephone: (606) 789-3747
Facsimile:  (606) 314-0417
dbanks@psbb-law.com
*Counsel for Plaintiff, Erie Insurance Company*

## VERIFICATION

I, _Bert M Hazlett_, as a representative of the Plaintiff herein, hereby certify that I have read the foregoing Complaint or have had the same read to me and that all statements contained herein are true and correct as I verify below.

ERIE INSURANCE COMPANY

By: _Bert M Hockenbey_
_VP Field claims_

COMMONWEALTH OF KENTUCKY    )
                                                          )
COUNTY OF FAYETTE                   )

SUBSCRIBED AND SWORN TO before me, by _Bert M Hockenberg_ as a representative of Plaintiff herein, on this _2_ day of _July_

Notary ID No.: _KYNP24765_

My Commission Expires: 3·16·25